■ In the Matter of DEBRA CURRY, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [998 NYS2d 627]—

Determination of respondent New York City Housing Authority, dated December 19, 2012, which, after a hearing, denied petitioner succession rights as a remaining family member to the tenancy of her late mother, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Shlomo Hagler, J.], entered December 3, 2013), dismissed, without costs.

Respondent's determination is supported by substantial evidence (see Matter of Purdy v Kreisberg, 47 NY2d 354, 358 [1979]). Petitioner conceded that her mother, the tenant of record, had never obtained respondent's written consent for petitioner's occupancy (see Matter of King v New York City Hous. Auth., 118 AD3d 636, 636 [1st Dept 2014]).

The doctrine of estoppel cannot be invoked against respondent (*see Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 130 [1990]; *see also King*, 118 AD3d at 637). Nor do petitioner's mitigating factors provide a basis for annulling respondent's determination (*see King*, 118 AD3d at 637). Concur—Tom, J.P., Acosta, Saxe, Moskowitz and Feinman, JJ.