Matter of Camacho v New York City Hous. Auth.

2026 NY Slip Op 02597

April 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Eric Camacho, Respondent,

v

New York City Housing Authority, Appellant.

Decided and Entered: April 28, 2026

Index No. 101177/23|Appeal No. 6472|Case No. 2025-00862|

Before: Webber, J.P., Mendez, Rodriguez, O'Neill Levy, Michael, JJ.

David Rohde, New York City Housing Authority, New York (Alexander E. Lloyd of counsel), for appellant.

[*1]

Order and judgment (one paper), Supreme Court, New York County (Nicholas W. Moyne, J.), entered July 31, 2024, which granted the petition to vacate a determination of respondent New York City Housing Authority, dated November 22, 2023, denying petitioner's remaining family member (RFM) grievance, to the extent of remanding the matter to the Housing Authority, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.

In March 2019, the tenant of record asked management for written permission to add petitioner as a permanent member of the household. Management denied the request because petitioner, the tenant's nephew, was not among the categories of relatives eligible for written permission under the Housing Authority's policy in effect at the time. The tenant died in February 2020. In November 2023, the Housing Authority denied petitioner's RFM grievance to succeed his aunt as tenant. Effective January 1, 2024, the Housing Authority adopted the Admissions and Continued Occupancy Policy (ACOP) which no longer limits written permanent permission to certain categories of relatives but still states that RFM status requires that the individual "must have resided in the apartment for at least 12 months from the date the permanent permission was granted in writing and for at least 12 months immediately prior to the date the resident died;" and must have "remained continuously in the apartment, including on all 'affidavits of income' (Chapter 6: Leasing, § K, https://www.nyc.gov/site/nycha/residents/acop/chapter-6.page [last accessed March 30, 2026]).

The Housing Authority's denial of petitioner's RFM request had a rational basis because, even if the tenant's March 2019 written permission request had been granted, petitioner would not have satisfied the one-year continuous authorized occupancy requirement before his aunt's death (see Matter of Perez v New York City Hous. Auth., 99 AD3d 624, 624-625 [1st Dept 2012]; Matter of Ortiz v Rhea, 127 AD3d 665, 666 [1st Dept 2015]).

Petitioner's personal hardship and factors concerning his lack of housing alternatives and the fact that he gave up his own housing to care for his aunt do not provide a basis to annul the determination (see Matter of McMillan v New York City Hous. Auth., 168 AD3d 643, 643 [1st Dept 2019]; see also Matter of Curry v New York City Hous. Auth., 124 AD3d 530, 531 [1st Dept 2015]). Contrary to petitioner's contention, the Housing Authority "cannot be estopped from discharging its statutory duties when a claimant does not meet the eligibility requirements for succession rights to the apartment, even if the managing agent acquiesced in petitioner's occupancy" (Matter of Perez, 99 AD3d at 625). Nor did petitioner's payment of rent confer succession rights on him (id.).

Remand is unnecessary because the hypothetical retroactive application of the ACOP would not have changed the outcome of petitioner's RFM grievance.

[*2]

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 28, 2026